IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREGORY L. SAIN, | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:11-cv-834 |
| ROLAND COLSON, | ) Judge Sharp |
| Respondent. | ) |

### ORDER

Petitioner Gregory L. Sain was convicted in January 2006 on one count of delivery of a Schedule II drug to a minor, one count of possession of a Schedule II drug with intent to deliver, one count of introduction of contraband into a penal facility, one count of contributing to the delinquency of a minor, and one count of simple possession of marijuana, and sentenced by the Circuit Court for Rutherford County in Murfreesboro, Tennessee after a jury trial. He received an effective sentence of thirty years in prison. He is presently an inmate at Riverbend Maximum Security Institution in Nashville, Tennessee. Now before the Court is his *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.)

Having considered each claim raised by Sain in his petition, the Court finds, for the reasons set forth in the accompanying Memorandum Opinion, that Sain is not entitled to habeas relief on the basis of any of the grounds presented. The petition is therefore **DENIED** and this matter **DISMISSED**.

Further, for the reasons stated in the accompanying Memorandum Opinion, the Court **DENIES** a certificate of appealability. The petitioner therefore may not appeal this Order unless he obtains a certificate of appealability from the Sixth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. The Court also **CERTIFIES**, for the same reasons it denies a certificate of appealability, that any appeal would not be taken in good faith; leave to appeal *in forma pauperis* is therefore **DENIED**.[1]

---

[1] If the petitioner files a notice of appeal, he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. Fed. R. App. P. 24(a)(5).

It is so **ORDERED**.

Entry of this order shall constitute the judgment in this matter.

_____
Kevin H. Sharp
United States District Judge